**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JACOB M. BELL, SR. (# 442374)**

**VERSUS**

**STATE OF LOUISIANA**

**CIVIL ACTION**

**NO. 15-393-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 1, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

**JACOB M. BELL, SR. (# 442374)**

**VERSUS**

**STATE OF LOUISIANA**

**CIVIL ACTION**

**NO. 15-393-BAJ-EWD**

**REPORT AND RECOMMENDATION**

Before the court is a Motion for "Summary Judgement [sic] of Default" (the "Motion for Default Judgment") filed by plaintiff, Jacob M. Bell, Sr. ("Plaintiff").[1]  For the reasons set forth herein, the undersigned RECOMMENDS that the Motion for Default Judgment[2] be DENIED.

### I. Background

On December 4, 2014, Plaintiff filed a Petition of Habeas Corpus in the United States District Court for the Western District of Louisiana.[3]  Plaintiff's suit was subsequently transferred to this court, and Plaintiff was ordered to file an amended pleading using the approved form.[4]  Plaintiff thereafter filed form Petitions under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody.[5]

On April 1, 2016, the undersigned ordered the State of Louisiana, through the Louisiana Department of Safety and Corrections and the Division of Probation and Parole (the "State"), to respond to Petitioner's Habeas Petition within thirty (30) days.[6]  The State filed a motion requesting an extension of the time to answer Plaintiff's Habeas Petition on May 6, 2016.[7]  The

---

[1] R. Doc. 25.

[2] R. Doc. 25.

[3] R. Doc. 1.

[4] R. Doc. 7.

[5] R. Docs. 8 & 10 (collectively, the "Habeas Petition").

[6] R. Doc. 14.

[7] R. Doc. 16.

2

request for extension was granted, making the State's answer due May 31, 2016.[8] On May 27, 2016, counsel for the State filed a motion to withdraw as counsel based on the fact that, due to the nature of Plaintiff's claims, the District Attorney for East Baton Rouge Parish would be the proper party to respond.[9] In ruling on the Motion to Withdraw, this court noted that it appeared Plaintiff was asserting challenges to his underlying conviction and to the execution of his sentence. "Specifically, he apparently (1) challenges the validity of his 2007 criminal conviction and sentence by complaining, inter alia, of the disallowance of an appeal after a remand for resentencing…, of ineffective assistance of counsel generally…, and of an alleged excessive sentence…, (2) challenges the execution of that sentence because he interprets it as having called for placement on probation whereas he was instead subjected to confinement in a penal institution…, and (3) challenges the revocation of his supervised release on parole in December, 2013 after his arrest and conviction in connection with a subsequent offence in another parish."[10] The undersigned additionally noted that "[i]t also appears that Petitioner is complaining that the state courts have failed to provide him with transcripts and record excerpts from his trial and revocation proceedings."[11] In the Order denying the Motion to Withdraw, the court also granted the State an extension of thirty (30) days to comply with the April 2016 order and clarified that the Louisiana Department of Public Safety and Corrections (the "DOC") was to respond to certain specific aspects of Plaintiff's Habeas Petition, specifically regarding "the execution of his sentence and the revocation of his supervised release."[12]

---

[8] R. Doc. 18. The state court record was filed in the interim on May 11, 2016. R. Doc. 17.

[9] R. Doc. 19.

[10] R. Doc. 23, p. 2.

[11] R. Doc. 23, p. 2, n. 1.

[12] R. Doc. 23.

No timely response to the Habeas Petition was filed by the April 10, 2017 deadline, and on May 4, 2017 Plaintiff filed the instant Motion for Default Judgment.[13] On November 1, 2017, the court ordered the State, through the Louisiana Department of Public Safety and Corrections and the Division of Probation and Parole to file, within 14 days, "a full and complete response to that part of Petitioner's application that is directed toward 'the execution of his sentence and the revocation of his supervised release,' together with certified copies of all pertinent supporting documentation as set forth in the Court's Orders of April 1, 2016 and March 13 [sic], 2017."[14] On November 14, 2017, the DOC filed a Motion for Summary Judgment asserting that Plaintiff failed to exhaust his state court remedies and was therefore procedurally barred from proceeding.[15]

## II. Legal Standard and Analysis

"Default judgments are not appropriate in habeas corpus cases." *Lemons v. Collins*, 992 F.2d 326, 1993 WL 152278, at * 1 (5th Cir. 1993) (unpublished). *See also*, *Thompson v. United States*, Civil Action No. 6:09cv410, 2010 WL 3782028, at * 4 (E.D. Tex. Aug. 23, 2010) ("[a] default judgment is not a proper remedy when the Government fails to timely respond to a petition for a writ of habeas corpus.") (citing *Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir.1985); *Kelley v. United States*, Civil Action No. 9:05cv243; Crim. No. 9:04cr12; 2006 WL 2260012, at *2 (E.D. Tex. Aug.4, 2006); *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir.1974); *Hale v. Lockhart*, 903 F.2d 545, 547 (8th Cir.1990); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle

---

[13] R. Doc. 25.

[14] R. Doc. 28.

[15] R. Doc. 29. The Motion for Summary Judgment asserts that the "[r]espondent – regarding Bell's time computation claims only – is the Louisiana Department of Public Safety and Corrections…." R. Doc. 29-1, p. 1. The DOC's Motion for Summary Judgment is pending and Plaintiff has filed an answer to the Motion for Summary Judgment. R. Doc. 30.

4

the petitioner to a default judgment.")). "A habeas petitioner is not entitled to release because of the state's tardiness in responding to the petition." *Lemons*, 1993 WL 152278, at * 1 (citing *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *U.S. ex rel. Mattox Scott*, 507 F.2d 919, 924 (7th Cir. 1974)). *See also*, *Chapa v. Perez*, C.A. No. C-07-207, 2007 WL 2021768, at * 2 (S.D. Tex. May 9, 2007) ("Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief."). "A default judgment is inappropriate even when the Government inexcusably disregards a district court's orders to respond to a petition." *Thompson*, 2010 WL 3782028, at * 4 (citing *Bermudez v. Reid*, 733 F.2d 18 (2d Cir. 1984)). "To hold otherwise would improperly place the burden of default on the community at large." *Id*. (citing *United States ex rel. Mattox*, 507 F.2d at 924).

Here, although the undersigned agrees that the State failed to timely respond to multiple court orders requiring responsive pleadings, "a default judgment is generally not appropriate in a habeas corpus proceeding because the failure of the respondent to file responsive pleadings does not generally entitle a petitioner to habeas corpus relief." *U.S. v. Holper*, Criminal Action No. 08-142, 2011 WL 7096612, at * 2 (M.D. La. Dec. 19, 2011). Moreover, in light of the State's pending Motion for Summary Judgment, to which Plaintiff has responded, it appears this matter will be able to proceed to a determination on the merits.[16] Accordingly, the undersigned recommends that Plaintiff's Motion for Default Judgment[17] be denied.

---

[16] Under the general principles applicable to default judgments, the law of this Circuit is clear that "modern federal procedure favors trials on the merits." *One Parcel of Real Property*, 763 F.2d at 183. *See also*, *Lizotte v. Cain*, Civil Action No. 15-513, 2016 WL 3077809, at * 2 (M.D. La. April 27, 2016) ("Default judgments are not favored in the law, and a trial on the merits is generally seen to be more in the interest of justice and fair play."). Thus, even absent the jurisprudence cited herein regarding the inappropriateness of default judgments in the context of habeas cases, the undersigned would recommend denial of the Motion for Default Judgment.

[17] R. Doc. 25.

## III.   Recommendation

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion for Default Judgment[18] be DENIED.

Signed in Baton Rouge, Louisiana, on March 1, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] R. Doc. 25.