UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOB M. BELL, SR. (# 442374)** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA** | **NO. 15-0393-BAJ-EWD** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 11, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACOB M. BELL, SR. (# 442374)　　　　　　　　　　　　CIVIL ACTION

VERSUS

STATE OF LOUISIANA　　　　　　　　　　　　　　　　NO. 15-0393-BAJ-EWD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motions for Summary Judgment of the State of Louisiana (R. Docs. 29 and 38) and the Motion for Mandamus of the Petitioner.[1]  Petitioner has filed a Response to the State's initial Motion for Summary Judgment (R. Doc. 30) and has filed the referenced Motion for Mandamus in response to the State's supplemental Motion for Summary Judgment.

*Pro se* Petitioner, Jacob M. Bell, Sr., commenced this proceeding as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, complaining that his constitutional rights have been violated in connection with the revocation of his parole in 2013.   Upon the transfer of Petitioner's application from the Western District of Louisiana to this Court, Petitioner submitted an amended application that included additional claims.   Although Petitioner's pleadings are not a model of clarity, the Court has concluded that Petitioner is arguably asserting multiple habeas corpus challenges, some to an underlying conviction and sentence and some to the subsequent revocation of his parole. Specifically, he apparently (1) challenges the validity of his 2007 criminal conviction for driving while intoxicated, fourth offense, and resulting sentence by complaining, *inter alia*, of the disallowance of

---

1　　Petitioner's Motion for Mandamus, which essentially constitutes a response in opposition to the State's supplemental Motion for Summary Judgment, also includes a request by Petitioner to be provided with a copy of his trial court record, including all transcripts and post-trial and appellate proceedings, together with a copy of his parole revocation proceedings at government expense. Petitioner is not entitled to the relief requested.

an appeal after a remand for resentencing in 2009, *see* R. Doc. 8 at p.7 and R. Doc. 10 at p. 5, of ineffective assistance of counsel generally, including by not pursuing an appeal from his re-sentence in 2010, *see* R. Doc. 10 at pp. 10-11, and of an alleged excessive sentence, *see* R. Doc. 8 at p. 11, (2) challenges the execution of the sentence imposed in connection with that conviction because he interprets it as having called for placement on probation whereas he was instead subjected to confinement in a penal institution, *see* R. Doc. 8 at pp. 5 and 8, and R. Doc. 10 at p. 9, and (3) challenges the revocation of his supervised release on parole in December 2013 after his arrest and conviction in connection with a subsequent DWI offense in another parish. *See* R. Doc. 1, generally, and R. Doc. 8 at p. 10.[2]

This case has followed a somewhat circuitous path and, as noted above, Petitioners pleadings are not a model of clarity. In addition, as a result of confusion created by the procedural posture of the case, the Court has experienced substantial difficulty in obtaining adequate responses from the State relative to Petitioner's claims. Notwithstanding, the matter now appears to be ready for resolution, and the Court will address Petitioner's claims as itemized above.

The State of Louisiana moves for summary judgment relying upon the pleadings, Statements of Undisputed Facts, and copies of Plaintiff's trial court record, administrative review proceedings and parole revocation proceedings. Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v.*

---

2    It also appears that Petitioner is complaining that the state courts have failed to provide him with transcripts and record excerpts from his trial and revocation proceedings. *See, e.g.,* R. Doc. 1 at p. 2 and R. Doc. 10 at p. 7.

*Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

    *a. Petitioner's challenge to the validity of his 2007 conviction and resulting sentence.*

The Court first concludes that Plaintiff's challenge to the validity of his 2007 conviction and resulting sentence is not properly before this Court. In this regard, it appears that Petitioner has previously pursued habeas corpus relief in this District in connection with the referenced 2007 conviction and sentence. *See Jacob M. Bell, Sr. v. Deputy Warden Anthony Baton*, Civil Action No. 11-0304-BAJ-DLD (M.D. La.). In that case, Petitioner asserted that he had been subjected to an unconstitutional search and seizure after arrest, that he was provided with ineffective assistance of counsel prior to trial, that the prosecution withheld exculpatory information, that the trial court failed to comply with orders issued by the Louisiana appellate courts relative to the issuance of rulings on pending motions, and that he was subjected to double jeopardy because he was sentenced to both

incarceration and to a probationary period. Pursuant to a Ruling and Order of Dismissal issued on October 31, 2012, this Court approved a Report and Recommendation issued by the assigned Magistrate Judge in that case and dismissed Petitioner's application, in part as being procedurally defaulted and in part as being without merit. *See id*. at R. Docs. 15, 19 and 20; *Bell v. Baton*, No. 11-0304-BAJ-DLD, 2012 WL 5364239 (M.D. La. Sept. 24, 2012), *approved*, 2012 WL 5364237 (M.D. La. Oct. 31, 2012). Pursuant to Mandate issued thereafter by the United States Court of Appeals for the Fifth Circuit, Petitioner's appeal was rejected in that Court, as was a subsequent application for reconsideration before that Court. *See id*. at R. Docs 28 and 29. Finally, it appears from the record in that case that Petitioner's application for a writ of certiorari before the United States Supreme Court was similarly denied pursuant to Order of that Court issued on February 24, 2014. *See id*. at R. Doc. 30; *Bell v. Batson*, 571 U.S. 1213 (2014).

Based on the foregoing, it appears that the present application is in the nature of a successive petition for habeas corpus relief within the meaning of 28 U.S.C. § 2244(b). The Fifth Circuit has long held that a habeas corpus application filed after the filing of one or more previous applications is successive when it "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234 (5th Cir. 1998). The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999), *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996). The prohibition against second and successive habeas petitions has also been described as a "modified *res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably omitted from the earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-71 (5th Cir. 2000). Under this approach, the key issue is

whether or not the first petition was adjudicated on the merits. *See McCullough v. Cain*, 2015 WL 5024392 (W.D. La. Aug 24, 2015).

The claims asserted by Petitioner herein, challenging his 2007 conviction and resulting sentence on various grounds, including the disallowance of an appeal after re-sentencing in 2009, ineffective assistance of counsel generally, and an alleged excessive sentence, could have been asserted in his initial federal habeas corpus application filed in 2011. Moreover, Petitioner's initial habeas corpus application was dismissed by this Court as being procedurally defaulted, specifically because Petitioner had failed to exhaust his claims through the state courts and because any subsequent attempt to do so would have been subject to dismissal by reason of state procedural rules. It has long been held in this context that such a dismissal because of state procedural default is considered to be an adjudication on the merits. *See Demouchet v. Louisiana*, No. 1:17-CV-600-P, 2017 WL 4334334, *2 (W.D. La. Aug. 10, 2017), *citing Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994) ("A federal habeas court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive"); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005) (dismissal of a federal habeas petition on the ground of state procedural default is a determination "on the merits" for the purposes of the successive petition doctrine); *Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (the district court's dismissal of petitioner's original habeas petition for procedural default was a dismissal on the merits); *In re: Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (initial § 2254 application dismissed for unexcused procedural default was "on the merits," and subsequent application was a "second or successive habeas corpus application" under § 2254(b)). *See also Chancellor v. Mississippi*, 129 Fed. Appx. 878 (5th Cir. 2005) (concluding that a federal habeas application that is subject to dismissal as procedurally defaulted should be dismissed with prejudice); *Clark v. Cain*, No. 09-804, 2009 WL 3242306, *2 (W.D. La. Oct. 8, 2009) (finding, in a factual context similar to that presented herein: "Virtually every court to address the issue has concluded that the

dismissal of a habeas corpus petition as procedurally defaulted must be considered an adjudication on the merits").

Based on the foregoing, the Court finds that Petitioner's current challenge to his 2007 conviction and resulting sentence constitutes a second or successive habeas corpus application. In accordance with the express provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* Petitioner has not presented this Court with an Order from the Fifth Circuit Court of Appeals allowing him to proceed with this successive application for federal habeas corpus relief. Thus, this Court cannot consider the instant habeas corpus petition because, without an order from the Fifth Circuit, this Court lacks subject matter jurisdiction over the petitioner's successive application.[3] Accordingly, it is appropriate that these claims be dismissed pending receipt of authorization from the Fifth Circuit that allows Petitioner to proceed with these claims.[4]

  b. *Petitioner's challenge to the execution of his sentence.*

Petitioner next asserts, in a somewhat related claim, that the State has failed to properly execute his sentence as imposed by the 19th Judicial District Court in connection with the 2007 conviction for 4th offense DWI. In this regard, Petitioner states his understanding that he was given a sentence that effectively consisted only of a term of supervised probation, and he complains that he was instead placed in the custody of the Louisiana Department of Public Safety and Corrections. In connection

---

3   Whereas Petitioner complains that the State has failed to respond in detail to his substantive claims relative to his original conviction, the Court has not called upon the State to do so, specifically because the Court lacks jurisdiction at this juncture to address these claims which are asserted in a second or successive application.
4   In *In re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit Court outlined the procedure to be utilized when a district court determines that a transfer of a successive habeas corpus petition to the Court of Appeals is appropriate. *Epps*, however, does not mandate the transfer of a successive habeas corpus petitioner in all cases. In light of the procedural posture of this case and the multiple claims presented in this single proceeding, the Court concludes that a transfer of the § 2254 claims to the Fifth Circuit is not warranted. Petitioner is advised, however, that he may petition the Fifth Circuit directly for approval to pursue these claims in a successive application before this Court.

with this assertion, he has attached to his Complaint and other pleadings a copy of the original sentencing minutes issued by the state district court and dated February 20, 2009. Included in the state court record relative to Petitioner's administrative remedy proceeding challenging the execution of his sentence is a copy of the sentencing minutes in connection with Petitioner re-sentencing in March 2010. *See* R. Doc. 29-5 at p. 109.

The Court interprets Petitioner's claim in this regard to be in the nature of an application for habeas corpus relief under 28 U.S.C. § 2241, which is the appropriate vehicle for asserting a claim relative to the manner in which a criminal sentence is being served or executed (in contrast to a claim asserted under § 2254, which is the appropriate vehicle for asserting a challenge to the conviction or sentence itself). In response to this claim, the State asserts that Petitioner is precluded from pursuing same because he has failed to exhaust available state court remedies in connection therewith.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required first to exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. *Bufalino v. Reno*, 613 F.2d 568, 570 (5th Cir. 1980). As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts, including in this case the Louisiana Supreme Court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although 28 U.S.C. § 2241 contains no statutory requirement for exhaustion like that found in 28 U.S.C. § 2254(b), exhaustion of state remedies has been held to be a necessary prelude to the invocation of § 2241. *See Chargois v. Kent,* No. 6:16-CV-1644, 2017 WL 2581026, *2 (W.D. La. May 24, 2017) (citing cases*).*

Based upon the evidence in the record, the Court concludes that the State's contention is correct. The record reflects that on or about September 25, 2009, prior to Petitioner's re-sentencing in March 2010, he filed a Petition for Judicial Review in the state district court, seeking to challenge

the State's calculation of his sentence and asserting multiple claims, including ultimately the claim now asserted herein, that his sentence should be interpreted as calling for a period of probation only and should not have resulted in his physical confinement. *See* R. Doc. 29-5 at p. 1. After proceedings were conducted in connection with that Petition, the state court Commissioner issued a Recommendation on June 29, 2011, concluding that Petitioner's claim in this regard should be dismissed. Specifically, as pertaining to Petitioner's claim that his sentence was being misinterpreted, the Commissioner addressed Petitioner's subsequent re-sentencing in March 2010 (at which time a sentence identical to the initial sentence was imposed), and stated:

> The petitioner also contends that he should have been placed on probation when his sentence was imposed and the Department has improperly carried out the execution of his sentence. The sentencing minutes dated March 17, 2010 indicate the petitioner received a 20 year split sentence which required him to satisfy the 10 year portion of his sentence in physical custody or on parole supervision and complete the suspended 10 year portion of his sentence on probation. The sentence as imposed required the petitioner to report to probation supervision upon his release from physical custody after satisfying the initial portion of his sentence and required the petitioner to be supervised for five years of his probationary term. The petitioner's contention that the Department has not properly carried out the sentence imposed by the trial court is not supported by the record filed in this matter.

*See* R. Doc. 29-6 at p. 2. On July 27, 2011 the state district court judge accepted the Commissioner's Recommendation and dismissed Petitioner's claims, stating as to the instant claim that "[t]he [State's] final administrative decision denying the petitioner's claim that the [State] has improperly carried out his sentence is affirmed and the petitioner's request for judicial review of that particular issue is dismissed with prejudice." *See id* at p. 7. It does not appear that Petitioner thereafter exhausted his state court remedies by pursuing further review to completion before the Louisiana Supreme Court. Whereas the state court record includes a "Motion for Appeal" that Petitioner filed, apparently seeking to challenge the state court's ruling in the intermediate appellate court, *see id*. at p. 8, there is no record indicating that this appeal was perfected, and the State has made an unrefuted representation to the Court that "[t]here is no record that the First Circuit Court of Appeal or Louisiana Supreme Court reviewed Bell's claims." *See* R. Doc. 29-1 at p. 2. Whereas the aforementioned "Motion for

Appeal" lodged in the state district court creates some ambiguity as to whether Petitioner attempted to proceed before the intermediate appellate court in connection with his claims, Petitioner does not specifically assert that he did so, and there is no suggestion whatever, in any event, that Petitioner thereafter sought review before the Louisiana Supreme Court as is required to complete the exhaustion process. Specifically, in his Opposition to the State's Motion for Summary Judgment, Petitioner makes no assertion that he has proceeded before the Louisiana Supreme Court in connection with this claim. To the contrary, he erroneously asserts in his Opposition that there is no exhaustion requirement applicable to this claim.[5] Finally, a review of the presumptively reliable published jurisprudence of the State of Louisiana, as electronically compiled in the Westlaw database, does not include any records or information that would suggest that Petitioner has presented this claim for review before the Louisiana Supreme Court. As such, it appears that Petitioner's claim for federal habeas corpus relief relative to the alleged misinterpretation of his sentence is subject to dismissal because it has not been presented to the state's highest court and, as such, has not been exhausted as required by federal law.[6]

Further, and in the alternative, the Court concludes that Petitioner is clearly wrong in his understanding of the sentence imposed by the 19th Judicial District Court in connection with his 2007

---

[5] Whereas Petitioner is correct that the federal courts do not require that an inmate claimant asserting a *civil rights claim* under 42 U.S.C. § 1983 exhaust all judicial state court remedies under the Louisiana Administrative Procedure Act before proceeding in federal court, that rule is only applicable to claims arising under that statute and involve an interpretation of the specific exhaustion statute that corresponds therewith, 42 U.S.C. § 1997e. Thus, Petitioner's assertion that state court exhaustion is not required in this case is misplaced. As noted above, the law is clear that in the context of a habeas corpus application brought under 28 U.S.C. §§ 2254 or 2241, complete exhaustion of state court remedies is required.

[6] In one of his responses to the State's Motions for Summary Judgment, Petitioner apparently seeks to assert an additional claim regarding whether he received appropriate good time, educational and rehabilitative credits in the calculation made by the State relative to his release date. *See* R. Doc. 30 at p. 6-7. This claim was not specifically asserted as a separate claim by Petitioner in his initial habeas corpus applications before this Court, and the Court does not interpret this claim as being included in this proceeding. Further, even were this claim to be considered, the Court would find it to be unexhausted for the same reasons stated relative to Petitioner's sentence-interpretation and sentence-execution claim above.

conviction for fourth offense driving while intoxicated. In this regard, this Court has before it a copy of the recorded minutes from Petitioner's state court sentencing hearing conducted in February 2009, *see* Trial Record, Vol. 3, at p. 456, *et seq.*, as well as a copy of the recorded minutes from Petitioner's re-sentencing in March 2010, at which time the same sentence was re-imposed. *See* R. Doc. 29-5 at pp. 109-10. This documentation reflects that contrary to Petitioner's assertion that he was ordered to serve only a sentence of probation for the offense charged, he was in fact sentenced to 20 years in confinement at hard labor, with 10 years of that sentence being suspended. The documentation further reflects that only upon release from confinement in connection with the imposed 10-year incarceration would Petitioner begin serving a 5-year period of active supervised probation, with three years of that probation being served in home confinement and with various other probationary conditions. Whereas Petitioner seeks to read into these minutes some ambiguity, his attempt to do so is unavailing and is not support by the record. *See*, for example, the decision of the Louisiana First Circuit Court of Appeal for the State of Louisiana which, in affirming Petitioner's conviction in 2009 (and remanding for re-sentencing in light of a mere procedural deficiency), stated its clear understanding of the sentence imposed:

> The defendant was sentenced to twenty years at hard labor, with all but ten years of the sentence suspended. The trial court also imposed a $5,000 fine and ordered that the defendant be placed on supervised probation for five years *upon his release*, with three of those years of probation to be served under home incarceration. The trial court imposed various other probation conditions.

*See State v. Bell*, 25 So.3d 248, 2009 WL 4981482 (La. App. 1 Cir. 2009) (Emphasis added). It is undisputed that the same sentence was thereafter imposed by the trial judge upon Petitioner's re-sentencing in March 2010.[7] This recitation is further consistent with the terms of Petitioner's re-sentence as determined by the state court Commissioner in responding to Petitioner's application for

---

7    The state court record does not include a copy of the transcript of Petitioner's re-sentencing in March 2010. Notwithstanding, Petitioner does not dispute that the same sentence was re-imposed by the trial court, and this is further confirmed by a comparison between the wording of the trial court minutes in February 2009 and March 2010.

Judicial Review, as quoted above. Finally, any potential ambiguity that Petitioner seeks to find in the referenced minutes is dispelled by the recitation of the terms of Petitioner's sentence by the state district judge at Petitioner's original sentencing hearing, which recitation clearly sets forth the terms of the sentence:

> The Court sentences the accused to be confined in the custody of the Department of Corrections for a period of 20 years at hard labor in the custody of the Department of Corrections, concurrent to any other time with credit for time served from date of arrest until bond. The Court suspends all of his sentence with the exception of ten years and *immediately upon release* will place the accused on supervised probation through the Office of Probation and Parole for a period of five years *upon release*. In addition to the conditions provided for in Article 895 of the Court [sic] of Criminal Procedure, the Court imposes as a special condition of probation the following: one, he is ordered to pay a fine in the amount of $5,000 …; secondly he is ordered to pay $50 per month to Probation and Parole to defray the cost of supervision; thirdly, he's ordered to undergo a substance abuse evaluation …; fourth, he is ordered to attend a court approved substance abuse clinic for treatment for a period of not less than four weeks but not more than six weeks …. Upon successful completion of the *term of incarceration* as well as his term of in patient substance abuse treatment the offender shall immediately serve three years of home incarceration under the direction of Probation and Parole…. The defendant is hereby further ordered to report to the offices of Probation and Parole within 72 hours of his *release from the Department of Corrections*.

Trial Record, Vol. III, at pp. 460-62 (Emphasis added). Thus, it is abundantly clear that Petitioner's belief that he was only sentenced to a term of probation is misplaced, and this claim is without merit as a matter of law.

   c.   *Petitioner's challenge to the 2013 revocation of his supervised release.*

Finally, Petitioner asserts a challenge to the revocation of his supervised release in 2013 upon his arrest and conviction on a new unrelated charge of driving while intoxicated in the Parish of St. Mary, State of Louisiana. In this regard, the record reflects that Petitioner was granted a release on parole in April 2011 from his confinement in connection with the 2007 conviction at issue herein, *see* R. Doc. 30 at p. 2, but was subsequently re-arrested in December 2011 in St. Mary Parish and again charged with driving while intoxicated. After a bench trial conducted in March 2013 in connection with the latter offense, Petitioner was convicted as charged and was subsequently sentenced, in July 2013, to serve 20 years in confinement, without the benefit of probation, parole or suspension of

sentence. *See State v. Bell*, 169 So.3d 417 (La. App. 1 Cir. 2015) (reciting the relevant procedural history).

The record further reflects that upon Petitioner's arrest in connection with the St. Mary offense in 2011, a warrant was issued by the state Parole Board, calling for Plaintiff to face the potential revocation of his parole in connection with the earlier 2007 conviction in light of the new felony charge and the perceived violation of the terms of his parole. Plaintiff was thereafter provided with a form advising him of his rights in connection with the parole proceedings, and pursuant to his signature on that form dated December 14, 2011, he elected to forego his right to a preliminary revocation hearing and to defer the final resolution of the parole proceedings until the disposition of the St. Mary criminal proceedings. *See* R. Doc. 38-4 at pp. 17-19. Pursuant to that election, the Louisiana Parole Board forwarded correspondence to Petitioner dated January 4, 2012, advising him that the Board had voted to return Petitioner to confinement pending a parole revocation hearing but that it would defer the hearing at Petitioner's request "until the disposition of … pending charges." *See id.* at p. 14. The correspondence further explicitly advised Petitioner that if he was subsequently convicted of the new pending felony charge, his parole "will automatically be revoked by law without a hearing in front of the Board." *See id.* Finally, upon Petitioner's subsequent conviction in connection with the felony charge pending in St. Mary Parish, the Board of Parole forwarded correspondence to Petitioner dated August 1, 2013, advising him that he parole had been automatically revoked, effective July 10, 2013, in accordance with law and in light of the subsequent felony conviction. *See id.* at p. 6. The correspondence further advised Petitioner that he was not entitled to a revocation hearing, citing La. R.S. 15:574.10 and *Louisiana ex rel. Theda Bertrand v. Hunt*, 325 So.2d 788 (La. 1976). The record reflects that Petitioner has failed to pursue any state court appellate proceedings to challenge that determination.

Whereas Petitioner now seeks to assert that his parole revocation was invalid because he was not provided with a hearing or with an attorney in connection therewith, it appears clear from the

record, based on the foregoing, that Petitioner's claim relative to the revocation of his parole is subject to dismissal because of his failure to commence or exhaust state court proceedings through and including the state's highest court. *See, e.g., Richie v. Scott*, 70 F.3d 1269 (5th Cir. 1995) (upholding dismissal of a parole revocation claim for failure of the petitioner to exhaust state court remedies); *Castaneda v. Stalder*, No. 07-5425 (2008 WL 821956 (E.D. La. Mar. 26, 2008) ("Because petitioner has not yet presented his instant claims challenging the revocation of his parole to the state's highest court, the Louisiana Supreme Court, and thereby given that court a 'fair opportunity' to pass upon those claims, the instant petition should be dismissed based on his failure to exhaust his state court remedies").[8] Accordingly, this claim as well is subject to dismissal.[9]

---

[8] Petitioner makes much in this case of the failure of the state courts to provide him with copies of all state court proceedings, including those connected with his original trial, appeal and re-sentencing and those connected with the revocation of his parole. Petitioner further asserts that the Louisiana Supreme Court has ordered that these records be provided to him. Petitioner is mistaken in this regard. In the first place, absent a particularized showing of need, not here made, Petitioner is not entitled to the referenced records at government expense, and the public records laws cited by Petitioner do not require that free documentation be made available to him. Second, as addressed above, Petitioner's substantive claims relative to his trial, appeal and re-sentencing are not properly before this Court in any event in the absence of a determination by the Fifth Circuit that Petitioner is entitled to pursue a second or successive habeas corpus proceeding. As such, the requested records relative to his trial and appeal proceedings would not assist Petitioner in the presentation of claims that are not here subject to review, and there is no reason for this Court to address his complaint in this regard. Further, contrary to Petitioner's assertion that the state appellate courts have ordered that such documentation be provided to him, the record before this Court reflects only that orders were issued by the appellate courts directing the state district court to issue a ruling on certain pending motions filed by Petitioner, including motions for copies of records. *See, e.g., Bell v. State*, 42 So.3d 377 (La. 2010); *Bell v. State*, 148 So.3d 181 (La. 2014). Finally, with regard to Petitioner's challenge to the revocation of his parole, the documentation requested by Petitioner, in the Court's view, is not and has never been essential to his presentation of an argument or pursuit of an appeal relative to such revocation, and so has not prevented him for pursuing exhaustion. As addressed above, Petitioner has been fully aware, since his receipt of correspondence in August 2013 from the Board of Parole, advising him of the automatic revocation of his parole by operation of law, that he would not be provided with either a parole revocation hearing or with appointed counsel in connection therewith. There is nothing, therefore, which prevented Petitioner from asserting a claim relative to such deficiencies or relative to an asserted denial of due process in connection with that revocation in the absence of the requested documentation. Accordingly, the Court is unable to conclude that any failure to provide him with pertinent records relative to his trial, appeal or parole revocation has prevented him from exhausting his state court remedies in this case.

[9] The Court further notes that Petitioner's claim in this regard would likely be subject to summary dismissal as being without merit in any event. *See Pickens v. Butler*, 814 F.2d 237 (5th Cir. 1987) (finding no due process deficiency in the state's failure to provide a final parole revocation

Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

RECOMMENDATION

It is recommended that Petitioner's Motion for Mandamus (R. Doc. 39) be denied. It is further recommended that the Motions for Summary Judgment of the State of Louisiana (R. Docs. 29 and 38) be granted, dismissing Petitioner's application for habeas corpus relief, without prejudice to re-filing upon the grant of permission to pursue a second or successive habeas corpus application and/or upon the complete exhaustion of state court remedies. It is further recommended that in the event that

---

hearing where the petitioner's revocation occurred automatically, by operation of law, upon the petitioner's conviction of a subsequent offense).

Petitioner seeks to file an appeal from the Court's Ruling in this case, a Certificate of Appealability be denied.

Signed in Baton Rouge, Louisiana, on September 11, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**